**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BLAIR A. LANGSTON,**

        **Plaintiff,**                            **CIVIL ACTION NO. 12-CV-13430**

**VS.**                                        **DISTRICT JUDGE STEPHEN J. MURPHY, III**

**REDFORD CHARTER TOWNSHIP,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CAPTAIN KRAIG BRUECK, LT ERIC**
**PAHL, LT JAMES TURNER,**
**SGT DAVID HOLT, SGT DAVID**
**QUINLIVAN, ERIC GILLMAN,**
**JAMES MEADE, ERIC NORMAN,**
**KEVIN JEZIOROWSKI, BRIAN JONES,**
**and BRIAN BOMMARITO,**

        **Defendants.**
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 32) AND TERMINATING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY (DOCKET NO. 43)

This matter comes before the Court on two motions. The first motion is Plaintiff's motion to compel discovery filed April 16, 2013. (Docket no. 32). Defendants filed a response. (Docket no. 36). Plaintiff filed a reply. (Docket no. 39). The parties filed a joint statement of resolved and unresolved issues. (Docket no. 41). The next motion is Plaintiff's second motion to compel discovery filed July 20, 2013. (Docket no. 43). Defendants filed a response. (Docket no. 46). The parties filed a joint statement of resolved and unresolved issues. (Docket no. 47). The motions have been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 33, 44). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motions.

1

*1.     Plaintiff's Second Motion to Compel Discovery*

The Court will first address Plaintiff's second motion to compel discovery. (Docket no. 43). Plaintiff states that he served interrogatories directed to each of the individual Defendants on June 3, 2013. He alleges that at the time he filed his motion on July 20, 2013, he had not received written responses or objections to the interrogatories. Plaintiff requests an order compelling responses and awarding sanctions. The joint statement of resolved and unresolved issues states that there are no outstanding issues as Defendants have agreed to provide the outstanding discovery. (Docket no. 47). Since the filing of the joint statement, Plaintiff has not notified the Court that he has not received the discovery responses, nor has he indicated that there is any continuing dispute with regard to this motion. According, as no issues remain unresolved, the Court will terminate Plaintiff's second motion to compel discovery.

*2.     Plaintiff's First Motion to Compel Discovery*

Plaintiff shows that he served his First Request for Production of Documents and First Interrogatories on Defendants on December 10, 2012, seeking responses to fourteen document requests and eight interrogatories. (Docket no. 32, ex. 1, 2). Defendants served responses to the requests on January 9, 2013. (Docket no. 32, ex. 3, 4). Plaintiff served his Second Request for Production of Documents and Second Interrogatories on Defendants on February 7, 2013, seeking responses to three document requests and two interrogatories. (Docket no. 32, ex. 6, 7). Plaintiff states that there were deficiencies in Defendants' responses to his First Request for Production and First Interrogatories. He also claims that at the time this motion was filed, Defendants had not served responses to his Second Request for Production of Documents and Second Interrogatories.

Plaintiff moves for an order compelling full and complete discovery responses and awarding sanctions.

The joint statement reveals that the parties have been unable to resolve their dispute with respect to Plaintiff's First Request to Produce nos. 4, 5, 6, 8, and 12. (Docket no. 41). It also states that Defendants have agreed to provide answers under oath to Plaintiff's First Interrogatories and provide full and complete responses without objections to Plaintiff's Second Request for Production of Documents and Second Interrogatories. Plaintiff asks the Court to order Defendants to supplement their answers to Plaintiff's First Interrogatories and serve responses to Plaintiff's Second Request for Production and Second Interrogatories within twenty-one days. (Docket no. 41).

First Request to Produce no. 4 states: "Concerning the computer system in use by the Redford Charter Township police department in August of 2009 ... provide all manuals, manufacture information, version number in use, and training materials." Plaintiff argues that this request is calculated to lead to admissible evidence with respect to his claim that Defendant Redford Charter Township maintained unlawful policies, customs or practices pertaining to the making of police reports, tracking of property, and tracking of forfeiture notices. Defendants object to the request, arguing that the information is confidential, privileged, and not relevant or likely to lead to the discovery of admissible evidence. Plaintiff has not demonstrated that the information sought in this request is relevant to the claims or defenses in this lawsuit or likely to lead to the discovery of admissible evidence. The Court will deny Plaintiff's motion to compel a response to First Request to Produce no. 4.

First Request to Produce no. 5 states: "Policies and procedures relating to the writing of police reports, entry of reports, case number assignment, booking and arrest, property room,

3

property seizure, seizure notices, handling of property, forfeiture and administrative forfeiture." Plaintiff states that Defendant failed to produce the requested policies and procedures. The joint statement reveals that Defendants have agreed to supplement their response and provide the requested documents within twenty-one days. No other issues remain unresolved with respect to this request.

First Request to Produce no. 6 states: "Property log books from August of 2009." Defendant responded that no such books exist. Plaintiff claims that Defendants' response is insufficient because there must be some type of documentation of items stored and released from the property room. The document request does not ask for any type of documentation pertaining to items stored and released from the property room, it asks only for property log books. The Court will direct Defendants to make a reasonable effort to locate and produce documents responsive to this request. If after reasonable inquiry Defendants are unable to locate any responsive documents, Defendants must serve an amended response to Plaintiff containing a sworn declaration that after making reasonable effort Defendants cannot locate any documents within their possession, custody, or control that can be construed as property log books and which are responsive to Plaintiff's First Request to Produce no. 6.

First Request to Produce no. 8 states: "[A]ny and all shift logs and roll call logs, front desk notes and records concerning visitors or inquir[ies], detective bureau notes and records concerning visitors or inquir[ies], from August 6 through August 8, 2009." The joint statement states that Defendants' response was sufficient and Plaintiff is withdrawing his motion as to this request.

First Request to Produce no. 12 states: "All documents discussing, describing, detailing or otherwise relating to the location, movement, accounting, deposit or use of currency seized and

4

forfeited from Blair Langston." Defendants argue that they have produced all documents pertaining to this request. Plaintiff argues that Defendants failed to produce documentation regarding when and where money seized from Plaintiff was deposited or distributed. The Court cannot order Defendants to produce documents they do not have within their possession, custody, or control. The Court will direct Defendants to make a reasonable effort to locate and produce documents responsive to this request. If after reasonable inquiry Defendants are unable to locate any responsive documents, Defendants must serve an amended response to Plaintiff containing a sworn declaration that after making reasonable effort Defendants cannot locate any documents within their possession, custody, or control that are responsive to Plaintiff's First Request to Produce no. 12.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel discovery filed April 16, 2013 (docket no. 32) is **GRANTED IN PART** as follows:

a. Defendants must make a reasonable effort to locate and produce documents responsive to Plaintiff's First Request for Production nos. 6 and 12. If after reasonable inquiry Defendants are unable to locate any documents responsive to these requests, Defendants must serve amended responses to Plaintiff containing sworn declarations that after making reasonable effort Defendants cannot locate any documents within their possession, custody, or control that are responsive to Plaintiff's First Request to Produce nos. 6 and 12.

b. Defendants must supplement their response to Plaintiff's First Request for Production no. 5 and produce responsive documents they have within their possession, custody, or control which have not already been produced by October 21, 2013.

c. Plaintiff's motion to compel responses to First Request to Produce nos. 4 and 8 are denied.

d. On or before October 21, 2013, Defendants must provide answers under oath to Plaintiff's First Interrogatories, and must provide full and complete responses without objections and produce all documents responsive to Plaintiff's Second Request for Production of Documents and Second Interrogatories which have not already been provided or produced to Plaintiff.

e. In all other respects, Plaintiff's motion is denied.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to compel discovery filed July 20, 2013 (docket no. 43) is **TERMINATED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 9, 2013
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 9, 2013
s/ Lisa C. Bartlett
Case Manager

6